# Judge Walker's Standard Jury Instructions

| Instruction Title | Authority |
|---|---|
| Introduction to the Final Charge—Province of The Court and of The Jury | 1A Fed. Jury Prac. & Instr. § 12:01 (7th ed.) |
| Judging the Evidence | *Id.* at § 12:02 |
| Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted | *Id.* at § 12:03 |
| Direct and Circumstantial Evidence | *Id.* at § 12:04 |
| Objections & Rulings | *Id.* at § 11:03 |
| Court's Comments to Counsel | *Id.* at § 11:04 |
| Court's Questions to Witnesses | *Id.* at § 11:05 |
| Court's Comments on Certain Evidence | *Id.* at § 11:06 |
| Evidence Admitted for a Limited Purpose Only | *Id.* at § 11:09 |
| Specific Investigation Techniques Not Required | Mod. Crim. Jury. Instr. 3rd Cir. 4.14 (2024) (without language in parentheticals) |
| Number of Witnesses Called Not Controlling | 1A Fed. Jury Prac. & Instr. at § 14:16 |
| Typewritten Transcripts of Recorded Conversations | *Id.* at § 11:10 |
| Jury's Recollection Controls | *Id.* at § 12:07 |
| The Question is Not Evidence | *Id.* at § 12:08 |
| Presumption of Innocence, Burden of Proof, and Reasonable Doubt | *Id.* at § 12:10 (modified)[1] |
| Consider Only the Offense Charged | *Id.* at § 12:09 |
| Verdict as to Defendant Only | *Id.* at § 12:11 |
| Consider Each Count Separately | *Id.* at § 12:12 |
| Consider Each Count & Each Defendant Separately (in multi-defendant cases) | *Id.* at § 12:13 |
| The Indictment is Not Evidence | *Id.* at § 13:04 |
| "On or About" – Explained | *Id.* at § 13:05 |
| Proof May Be Disjunctive | See below. |

[1] The Court has removed the following language from this model instruction: "Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of their own affairs."

| | |
|---|---|
| Unanimity—Explained | 1A Fed. Jury Prac. & Instr. at § 13:07 (beginning with "The indictment alleges . . . .") |
| Credibility of Witnesses—Generally | *Id.* at § 15:01 |
| Prior Consistent Statements | Mod. Crim. Jury. Inst. 3rd Cir. 2.15 (2024) |
| Credibility of Witnesses—Prior Inconsistent Statement | 1A Fed. Jury Prac. & Instr. at § 15:06 (including bracketed language) |
| Credibility of Witnesses—Conviction of Felony | *Id.* at § 15:07 |
| Testimony—Accomplices, Informers, Immunity, and Plea Agreement | See below. |
| Credibility of Witnesses—Law Enforcement Witness | Mod. Crim. Jury. Inst. 3rd Cir. 4.18 (2024) |
| Credibility of Witnesses – The Defendant as a Witness | 1A Fed. Jury Prac. & Instr. at § 15:12 |
| Effect of the Defendant's Decision Not to Testify | *Id.* at § 15:14 |
| Impeachment of a Defendant's Testimony – Prior Conviction of a Crime | *Id.* at § 11:12 |
| Statement or Conduct of a Defendant | *Id.* at § 14:03 or §14:04 |
| Opinion Evidence—The Expert Witness | *Id.* at § 14:01 |
| Charts and Summaries Admitted into Evidence | *Id.* at § 14:02 |
| Rule 404(b) Evidence | See below. |
| "Knowingly"—Defined | 1A Fed. Jury Prac. & Instr. at § 17:04 |
| Motive—Explained | *Id.* at § 17:06 |
| Proof of Knowledge or Intent | *Id.* at § 17:07 |
| Use of Notes | *Id.* at § 10:04 |
| Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court | *Id.* at § 20:01 |

**Proof May Be Disjunctive**

The Court instructs the jury that although the [Indictment] may charge a defendant with committing an offense in several ways, using conjunctive language (that is, "and"), it is sufficient if the government proves the offense in the disjunctive (that is, "or"). That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that a defendant did each of the things named in a particular count of the [Indictment]. It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed.

*See United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); United States v. Rhynes, 196 F.3d 207, 242, (4th Cir. 1999), aff'd in part, reh'g en banc on other grounds, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive).*

**Testimony—Accomplices, Informers, Immunity, and Plea Agreements**

In this case, the government called as witnesses alleged accomplices, with whom the government has entered into plea agreements providing for the dismissal of some charges. Such plea bargaining, as it is called, is common and has been approved as lawful and proper and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the government, does not thereby become incompetent as a witness. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. However, the jury should keep in mind that such testimony is always received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt; and the fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilty of any other person.

*See United States v. Figurski, 545 F.2d 389, 392 (4th Cir. 1976); United States v. Stulga, 584 F.2d 142, 144 (6th Cir. 1978);* see also *Model Manual of Criminal Instructions for the Ninth Circuit, § 3.9 (2010).*

**Rule 404(b) Evidence**

You have heard evidence that a defendant engaged in certain misconduct in the past. The law allows this kind of evidence for certain limited purposes. For example, such evidence may be properly considered to prove a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Please keep in mind the limited purpose for which this evidence was admitted. Most importantly, do not conclude from this evidence that if or because a defendant allegedly engaged in past misconduct, that they are more likely to have committed the crimes with which they are now charged.

*See Fed. R. Evid. 404(b); Horn's Federal Criminal Jury Instructions for the Fourth Circuit, § 4.13 (2010) (modified).*